IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| U.S. BANK NATIONAL ASSOCIATION, etc., | ) ) ) | |
|---|---|---|
| **Plaintiff,** | ) ) | |
| v. | ) ) | CIVIL ACTION 10-0204-WS-N |
| TURQUOISE PROPERTIES GULF, INC., et al., | ) ) ) ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the motion to distribute funds filed by defendants Hugh and Adrienne Overmyer; David Faulkner and Clark Cooper; Danny Higdon and James Alldredge; and Daniel Kingston (collectively, "the Purchasers"), and Turquoise Properties Gulf, Inc. ("Turquoise"). (Doc. 50). The motion is unopposed by the plaintiff. (*Id*. at 1).

The funds interpleaded by the plaintiff include the net proceeds of certain letters of credit as to the four units the Purchasers agreed to buy from Turquoise. (Doc. 50, Exhibit D). On June 8, 2010, an arbitrator awarded the Purchasers the return of the balance of their deposits (i.e., the net proceeds of their letters of credit), together with all accrued interest. (*Id*., Exhibit B at 18-19). The net proceeds of the Purchasers' letters of credit deposited by the plaintiff are as follows:

| | |
|---|---|
| Hugh and Adrienne Overmyer | $180,435.00 |
| David Faulkner and Clark Cooper | $204,285.00 |
| Danny Higdon and James Alldredge | $207,885.00 |
| Daniel Kingston | $207,435.00 |

(*Id*., Exhibit D at 1-2).

The movants seek the following relief: (1) disbursement to the Purchasers'

attorney of these principal amounts; (2) disbursement to their attorney of additional sums, not stated, of interest accrued since September 8, 2008; (3) an accounting by the plaintiff of the interest that accrued with respect to each Purchaser between September 8, 2008 and the June 8, 2010 deposit of the interpleaded funds in the registry of the Court; and (4) the dismissal of the Purchasers from the action. (Doc. 50 at 1, 3-4).

The movants have established the Purchasers' entitlement to return of the principal sums reflected in their letters of credit, awarded by the arbitrator, and deposited with the Court. However, the movants have not established the amount of interest accrued between September 8, 2008 and June 8, 2010. Moreover, the movants admit that less than 25% of all the defendants' accrued interest was actually deposited in Court, and they have not explained why they should be entitled to receive all of their accrued interest from the deposited funds even though most of it was never deposited, leaving other purchasers and/or Turquoise to receive less than their pro rata share of the deposited interest.[1] Because the Court cannot at this point make an award of interest, it cannot dismiss the Purchasers from the action.

For the reasons set forth above, the motion to distribute funds is **granted** with respect to the principal amounts deposited and **denied** with respect to any interest, pre-or post-deposit, on those principal amounts. The plaintiff is **ordered** to provide the Purchasers and Turquoise, on or before July 1, 2010, an accounting of the interest accrued with respect to each Purchaser between September 8, 2008 and June 8, 2010. The motion for dismissal of the Purchasers is **denied**.

The Clerk is directed to distribute payment for Hugh and Adrienne Overmyer in

---

[1]There remain in addition questions about the modest interest accrued since deposit with the Court. The total interest accrued since June 8 is approximately $500, so the Purchasers' combined total share appears to be approximately $25 — of which the Clerk is required by law to retain 10%. While the Purchasers may not be interested in pursuing such a minuscule pot, without their waiver those involved calculations must ultimately be made.

the amount of $180,435.00. The Clerk is directed to distribute payment for David Faulkner and Clark Cooper in the amount of $204,285.00. The Clerk is directed to distribute payment for Danny Higdon and James Alldredge in the amount of $207,885.00. The Clerk is directed to distribute payment for Daniel Kingston in the amount of $207,435.00. Each of these checks is to be made payable to Milam & Milam, LLC Trust Account. Counsel for the Purchasers is responsible for arranging with the Clerk for pick-up or mailing of the checks.

DONE and ORDERED this 24th day of June, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE