IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, etc., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 10-0204-WS-N ) |
| TURQUOISE PROPERTIES GULF, INC., et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

The plaintiff has filed an application for entry of default. (Doc. 92). According to the application, some 28 purchaser defendants have been served with process but have failed to respond to the complaint in the time allowed by the rules of civil procedure.

As a threshold matter, it is not clear why the plaintiff is seeking default. This is an interpleader action, in which the competing claims to the interpleaded funds are between defendant Turquoise Properties Gulf, Inc. ("Turquoise") on the one hand and the purchasers of various condominium units on the other, and the plaintiff disclaims any interest in the funds. Nor, according to the plaintiff, is there any possibility that it could have liability to any defendant beyond the interpleaded amounts. While the plaintiff seeks affirmative relief in six counts, (Doc. 10 at 35-38), all such relief is sought from Turquoise, not from any of the purchasers. Nevertheless, the plaintiff seeks entry of default as to 28 purchaser defendants, relief that would benefit Turquoise at the expense of the defaulted defendants. The plaintiff has not explained why it should interject itself in support of one interpleader defendant and in opposition to others. Absent such explanation, the Court is reluctant to enter default on the plaintiff's application.

At any rate, review of the record reflects that entry of default would be premature as to most of the 28 purchaser defendants. First, seven of the defendants as to whom

[1]

default is sought filed answers shortly after the plaintiff's application was filed. (Docs. 94, 97, 98). Thus, entry of default cannot be obtained against defendants Daniel G. Blackburn, Debra H. Blackburn, Gordon Chalmers, Mary Chalmers, Mamturquoise, LLC, Reservation, LLC, or CKM, LLC.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," it is subject to entry of default. Fed. R. Civ. P. 55(a). But a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." *Id*. Rule 12(a)(1)(A); *accord Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered, ... the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2682 at 14 (3rd ed. 1998). Serious questions concerning the effectiveness of the plaintiff's purported service of process remain unanswered by the plaintiff's application.

Service of process on a corporation, partnership or association may be made in accordance with Rule 4(h) or by following Alabama law. Fed. R. Civ. P. 4(h)(1). The only recognized means of serving an artificial entity under federal law is "by delivering a copy of the summons and of the complaint to" specified individuals. *Id*. Rule 4(h)(1)(B). "The term 'delivering' appears to refer to personal service." *Dyer v. Wal-Mart Stores, Inc.*, 318 Fed. Appx. 843, 844 (11th Cir. 2009). Other Circuits have routinely so concluded.[1] All the artificial entities as to which the plaintiff seeks entry of default were served by certified mail. They were thus not served in compliance with Rule 4(h)(1)(B).

---

[1] *E.g., Gilliam v. County of Tarrant*, 94 Fed. Appx. 230, 230 (5th Cir. 2004) (municipal corporations); *Larsen v. Mayo Medical Center*, 218 F.3d 863, 868 (8th Cir. 2000) (corporations); *Husner v. City of Buffalo*, 1999 WL 48776 (2nd Cir. 1999) (municipal corporations); *Gabriel v. United States*, 30 F.3d 75, 77 (7th Cir. 1994) (United States Attorney); *Puet v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (United States Attorney); *accord* 1 James Wm. Moore, et al., <u>Moore's Federal Practice</u> § 4.53[2] (3rd ed. 2007) (corporations).

*Dyer*, 318 Fed. Appx. at 843-44 (service by certified mail on defendant's registered agent did not satisfy Rule 4(h)(1)(B)).

Under Alabama law, an artificial entity may be served "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). Service on an artificial entity may be made by certified mail, but "the addressee shall be a person described in the appropriate subdivision." *Id*. Rule 4(i)(2)(i), (ii). That is, the mailing must be addressed, not simply to the artificial entity, but to a human being affiliated with the entity as an officer, partner or agent as described in Rule 4(c)(6). None of the certified mailings to an artificial entity on which the plaintiff relies includes a human addressee.[2]

Service of process on an individual within the United States is governed by Rule 4(e). Service of the summons and complaint must be made by "deliver[y]" to the defendant "personally," or by "deliver[y]" to an agent authorized by appointment or by law to receive service of process, or "by leaving copies thereof at the individual's dwelling or usual place of abode with some person of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2). As noted, delivery connotes personal service, and since certified mail is not delivered to a person's home but is picked up at the post office, it does not appear that one may "leav[e] copies" within the contemplation of this rule by using certified mail. Accordingly, service on the individuals was not successful under Rule 4(e)(2).

Rule 4(e)(1) allows for service of process in accordance with Alabama law. The Alabama rule is substantively the same as the federal rule. *Compare* Fed. R. Civ. P. 4(e)(2) *with* Ala. R. Civ. P. 4(c)(1). Alabama, however, allows service on an individual

---

[2] (Doc. 26 at 8 (CSJ & Associates, LLC); *id*. at 12 (E&A Holdings, Inc.); *id*. at 14 (E&S Properties, LLC); *id*. at 16 (JMJ, LLC); *id* at 18 (Knobby-Lee Investments, LLC); *id*. at 26 (Sandlot Development, LLC); *id*. at 28 (Walker Properties, LP); Doc. 27 at 2 (Beam Partners, LLC); *id*. at 6 (Schoonover Investments, LP)).

by certified mail. *Id*. Rule 4(i)(2). "Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." *Id*. Rule 4(c)(2)(C).

The majority of receipts as to individual purchaser defendants reflect that someone other than the defendant signed for the certified mail.[3] As to these defendants, service is good only if the signatory constitutes the defendant's "agent," that is, "a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee." Ala. R. Civ. P. 4(i)(2)(C). Some of the signatories share the same last name as the defendant, but others bear no obvious connection to the defendant. In neither case has the plaintiff attempted to show that the signatory is, or even probably is, the defendant's "agent" as defined in Rule 4(i)(2)(C).

For the reasons set forth above, the plaintiff's application for entry of default, construed as a motion, is **denied**. The plaintiff and Turquoise are reminded that the clock is ticking under Rule 4(m), and by the end of this month dismissal for failure to serve process looms as a distinct possibility.

DONE and ORDERED this 5th day of August, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] (Doc. 25 at 6 (Tim Bruni, signed for by Tracie Bruni); Doc. 26 at 24 (Timothy Quattlebaum, signed for by Janet DeJesus); Doc. 43 at 2 (Ronald Bruni, signed for by Mary Lee Bruni); Doc. 44 at 10 (Howard "Chip" Miskelly, signed for by Eloise Lide); Doc. 46 at 2 (Justin Duke, signed for by Todd Duke); Doc. 59 at 4 (Irwin Michael Weiner, signed for by Diane Weiner)).