IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

U.S. BANK NATIONAL ASSOCIATION, )
etc., )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION 10-0204-WS-N
 )
TURQUOISE PROPERTIES GULF, )
INC., et al., )
 )
    Defendants. )

## ORDER

This matter is before the Court on the plaintiff's motion to alter or amend. (Doc. 341). Defendant Turquoise Properties Gulf, Inc. ("Turquoise") has filed a response, (Doc. 353), and the motion is ripe for resolution.

The plaintiff filed this statutory interpleader action as escrow agent on a large condominium project. The Court granted the plaintiff's motion for dismissal from the interpleader count but denied its motion for attorney's fees and costs incurred in connection with the interpleader. (Doc. 328). The plaintiff seeks review of the latter ruling. Although the plaintiff invokes Rule 59(e), that rule pertains only to judgments; since the Court has entered no judgment, it construes the motion as one to reconsider.

The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Nor may it be used to "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotes omitted). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an

[1]

intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted).[1]

In its motion to dismiss and for attorneys' fees, the plaintiff argued that "[t]he Court has discretion to award an interpleading plaintiff its reasonable costs and attorneys' fees." (Doc. 247 at 6-7). The plaintiff invoked *Chase Manhattan Bank v. Mandalay Shores Co-operative Housing Association*, 21 F.3d 380 (11th Cir. 1994), as providing the Court "the discretion to award attorney's fees and costs." (Doc. 247 at 7). The plaintiff argued that the reasons listed in *Mandalay* as ordinarily justifying a favorable exercise of that discretion, 21 F.3d at 383, are present here, and it insisted that the rule disfavoring an award of fees when interpleader is encountered in the normal course of the plaintiff's business, also discussed in *Mandalay*, is inapplicable here. (Doc. 247 at 7-8). The plaintiff explicitly "ask[ed] this Court to exercise [its] discretion" to award fees. (*Id*. at 7). Finding the normal-course-of-business rule applicable, the Court exercised its discretion against an award. (Doc. 328 at 4-7).

On motion to reconsider, the plaintiff switches to an entirely new argument: that "no discretion is involved where payment of such fees and expenses is called for by contract," as it now maintains is the case with its escrow agreement. (Doc. 341 at 3).

---

[1]While *Mays* and *Wilchombe* involved post-judgment motions under Rule 59(e), courts within this Circuit have often applied these principles to pre-judgment motions to reconsider. *E.g., Busby v. JRHBW Realty, Inc*., 2009 WL 1181902 at *2 (N.D. Ala. 2009); *Controlled Semiconductor, Inc. v. Control Systemation, Inc*., 2008 WL 4459085 at *2 (M.D. Fla. 2008); *Eslava v. Gulf Telephone Co.*, 2007 WL 1958863 at *1 (S.D. Ala. 2007); *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). This is only sensible, since allowing parties to withhold arguments and evidence until after losing is equally destructive of judicial economy and fairness in either context. *E.g., Gibson*, 511 F. Supp. 2d at 1185 (even pre-judgment, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly"). The plaintiff, under Rule 59(e), champions the same restrictive test the Court employs. (Doc. 341 at 2).

This new argument could not be further removed from the one the plaintiff made on its underlying motion. While the plaintiff previously conceded that an award of fees is discretionary and simply asked the Court to exercise that discretion favorably, it now maintains that the Court actually has *no* discretion and *must* award fees. The assertion of such a previously available argument on motion to reconsider is precisely what is prohibited. The reason for the plaintiff's failure to timely raise this argument is immaterial; its failure to do so is dispositive. As this Court has noted, "[m]otions to reconsider serve a valuable but limited function. They do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation." *Dyas v. City of Fairhope*, 2009 WL 5062367 at *3 (S.D. Ala. 2009).

The plaintiff's underlying motion noted in passing that the escrow agreement "permits US Bank to interplead in this Court, as US Bank has done in this case, and requires Turquoise to pay US Bank its attorneys' fees." (Doc. 247 at 8). But this one-sentence comment did not assert that the attorney's fee provision applies to those fees incurred in the course of an interpleader, much less that it deprives the Court of discretion not to award fees. Indeed, the plaintiff did not quote the relevant provision or even provide a pinpoint cite from the lengthy escrow agreement. The plaintiff does not suggest that this obscure sentence raised a no-discretion argument but, even had it made such a suggestion, it would not succeed. "Judges are not like pigs, hunting for truffles buried in briefs,"[2] and an argument so well hidden is equivalent to no argument at all.

The plaintiff does suggest the Court was obligated to develop a no-discretion argument on behalf of the plaintiff because its order cited the interpleader provision of the escrow agreement (but not the attorney's fee provision) to show that the plaintiff

---

[2] *Smith v. Secretary, Department of Corrections*, 572 F.3d 1327, 1352 (11th Cir. 2009) (internal quotes omitted).

contemplated interpleader actions and thus was appropriately subject to the normal-course-of-business rule. (Doc. 341 at 4, 6). Courts are not compelled to become advocates for a party simply because, in addressing other arguments, they mention contractual provisions that would or might support an argument not raised by that party. On the contrary, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it …." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

The plaintiff insists that the Court committed clear error or inflicted a manifest injustice by not sua sponte creating and developing a no-discretion argument. (Doc. 341 at 4). As reflected in the authorities cited above, however, the failure to consider an argument unarticulated by the losing party constitutes neither clear error nor manifest injustice.[3]

Finally, the plaintiff complains that the Court's ruling will force all escrow agents everywhere to charge increased fees. (Doc. 341 at 7). This is a non sequitur, since any escrow agent which contractually provides in advance for payment of attorney's fees in connection with interpleaders, *and which then timely asserts that provision in litigation*, can cover this contingency without increasing its fees.

For the reasons set forth above, the plaintiff's motion to alter or amend, construed as motion to reconsider, is **denied**.

DONE and ORDERED this 10th day of January, 2011.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[3] That, as the plaintiff insists, it can recover the same fees and expenses under other counts of its complaint, (Doc. 341 at 7-8), argues further against its assertion of manifest injustice.