# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, etc., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 10-0204-WS-N ) |
| TURQUOISE PROPERTIES GULF, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for leave to file a crossclaim. (Doc. 395). The affected parties have filed briefs in opposition, (Docs. 398, 400, 401),[1] and the motion is ripe for resolution.

The plaintiff, escrow agent in connection with the development of a large condominium project, filed this statutory interpleader action in April 2010, naming the developer ("Turquoise") and myriad purchasers as defendants. In June 2010, Turquoise filed a nine-count counterclaim against the plaintiff. (Doc. 18). Counts Eight and Nine of the counterclaim allege that the plaintiff breached its fiduciary duty to Turquoise, and engaged in willful misconduct or gross negligence, in that it lost or does not have the original letter of credit for the account of Beam Partners, LLC ("Beam") in the amount of $128,000. (*Id*. at 40, 50, 51).

The instant motion seeks leave to file a crossclaim against Beam and against Michael and Melissa Bolton, the joint purchasers with Beam of the condominium unit (C-1103) as to which Beam's letter of credit was placed. According to the proposed

---

[1] Document 401 appears to be a verbatim duplication of Document 400.

[1]

crossclaim, Turquoise, Beam and the Boltons are currently engaged in arbitration to determine whether the purchasers are in default (in which case Turquoise would be entitled to the letter of credit proceeds) or whether Turquoise is in default and/or whether it violated other legal requirements (in which case Turquoise would not be entitled to such proceeds). Without actually articulating a cause of action, the proposed crossclaim asserts that, if Turquoise has been damaged by the purchasers' failure to close, its losses are the responsibility of the purchasers and not the plaintiff. (Doc. 395, Exhibit A).[2]

The threshold problem with the plaintiff's motion is its untimeliness. The parties, including the plaintiff, jointly requested a deadline of December 15, 2010 in which to join additional parties and amend the pleadings. (Doc. 303 at 8). The Rule 16(b) scheduling order accordingly established a December 15 deadline to move for leave to amend the pleadings or join other parties. (Doc. 340 at 3). The plaintiff's motion for leave to file a crossclaim, however, was not filed until February 15, 2011.

The plaintiff says this is not a problem because Rule 13(g) "presents no time limitations by which a cross-claim must be filed." (Doc. 395 at 2). Moreover, the plaintiff continues, Rule 13(g) does not require leave of court in order to file a crossclaim. (*Id.*). Rule 16(b), however, mandates that the scheduling order "must limit the time to join other parties [and] amend the pleadings." The time within which to file a crossclaim is thus necessarily limited by an order entered under Rule 16(b), even if it is not limited by Rule 13(g).[3]

---

[2] It appears that the plaintiff has deposited in the interpleader the sum of $128,180 in connection with Unit C-1103. (Doc. 295, Exhibit 6 at 2). However, the proposed crossclaim indicates that approximately twice this amount should have been made the subject of a letter of credit. (Doc. 395, Exhibit A at 4-5). This is consistent with the pre-construction agreement submitted by the plaintiff. (Doc. 244, Exhibit A at 4). Turquoise apparently alleges that the plaintiff lost this second letter of credit. (Doc. 398 at 5).

[3] A crossclaim per se is not a pleading, *see* Fed. R. Civ. P. 7, but it must be asserted in a pleading. Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty ...."). Typically, the pleading in which a crossclaim appears is an answer. *See* 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1183 at 21 (3rd ed. (Continued)

"A schedule [entered under Rule 16(b)] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule could not be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998).

The plaintiff ignores this standard, but it does argue that seeking leave to file a crossclaim against Beam and the Boltons by the December 15 deadline was "an impossibility" because Turquoise filed an amended counterclaim on December 15. (Doc. 395 at 2).[4] The amended counterclaim, however, differs from the original only by adding a single paragraph (though repeated three times), a paragraph utterly divorced from the allegations concerning Beam and the Boltons. (Doc. 366 at 41, 51, 53). The amended counterclaim is irrelevant to the plaintiff's ability to seek timely leave to file a crossclaim.

Given that the plaintiff's crossclaim is spurred by allegations Turquoise made in its original counterclaim in June 2010, the plaintiff has failed to explain why in the exercise of diligence it could not have timely moved for leave to file a crossclaim. *Cf. Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause [under Rule 4(m)] exists only when some outside factor ... rather than inadvertence or negligence prevented service."). It has thus failed to show good cause for its tardiness, and the crossclaim is not warranted under Rule 16(b).[5]

---

2004). The plaintiff purports to submit a crossclaim as a stand-alone document, (Doc. 395, Exhibit A), but it cannot thereby avoid description of the filing as a pleading and its consequent governance by Rule 16(b).

[4] Turquoise timely moved for leave to file the amended counterclaim, and the Court granted the motion after the plaintiff declined to object to amendment. (Docs. 342, 364).

[5] On December 15, 2010, the plaintiff filed a motion to join parties, including Beam and the Boltons. (Doc. 344). The Court denied the motion because the plaintiff identified no rule, (Continued)

In the alternative, the plaintiff argues that Beam and the Boltons must be joined as parties to Turquoise's counterclaim under Rule 19(a). (Doc. 395 at 3-4). The problem is the same: Rule 16(b) requires that a scheduling order impose a deadline to join other parties, and that deadline passed two months before the plaintiff filed the instant motion, without any showing of good cause by the plaintiff for its delay. *See Northeast Drilling, Inc. v. Inner Space Services, Inc*., 243 F.3d 25, 36-37 (1st Cir. 2001) (Rule 16(b) governs the addition of necessary parties under Rule 19(a)).

For the reasons set forth above, the plaintiff's motion for leave to file a crossclaim is **denied**.

DONE and ORDERED this 5th day of April, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

principle, analysis or authority in support of its motion. (Doc. 368). The plaintiff does not argue that its December 15 filing is relevant to its current motion, and it plainly would not alter the outcome. The Court denied the motion to join parties on January 5, 2011, the current motion was not filed until February 15, 2011, and the plaintiff does not offer to show good cause for that six-week delay.