# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, etc., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 10-0204-WS-N ) |
| TURQUOISE PROPERTIES GULF, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for leave to file a third-party complaint. (Doc. 386). Certain affected parties have filed briefs in opposition, (Docs. 394, 396), and the motion is ripe for resolution.

The plaintiff, escrow agent in connection with the development of a large condominium project, filed this statutory interpleader action in April 2010, naming the developer ("Turquoise") and myriad purchasers as defendants. In June 2010, Turquoise filed a nine-count counterclaim against the plaintiff. (Doc. 18). Counts Eight and Nine of the counterclaim allege that the plaintiff breached its fiduciary duty to Turquoise, and engaged in willful misconduct or gross negligence, in connection with its dealings with letters of credit posted by purchasers Cleveland Properties, LLC ("Cleveland"); Reservation, LLC ("Reservation"); and Michael C. Molleston, resulting in Turquoise's inability to recover the proceeds of the letters of credit as liquidated damages for the purchasers' default in failing to close. (*Id*. at 39-40, 50, 51).[1]

---

[1] The counterclaim alleges that the plaintiff returned to the issuer the letters of credit concerning Cleveland and Reservation, resulting in their cancellation, and that it lost/does not have the letter of credit concerning Molleston. (*Id*.).

[1]

On December 15, 2010, Turquoise timely moved for leave to file an amended counterclaim. (Doc. 342). After the plaintiff declined to object, the Court granted the motion. (Doc. 364). The only change wrought by the amended counterclaim was to add to Counts Eight and Nine the allegation that the plaintiff similarly mishandled a letter of credit posted by purchaser Kramer Family Investments, LLC ("Kramer"). (Doc. 366 at 41, 51, 53).[2]

The instant motion seeks leave to file a third-party complaint against Cleveland, Reservation, Molleston and Kramer. According to the proposed third-party complaint, Turquoise asserts that these purchasers are in default and that Turquoise is thus contractually entitled to all or most of the proceeds of each letter of credit that the plaintiff allegedly mishandled, while the purchasers assert that Turquoise breached various duties and thus is entitled to nothing. Without actually articulating a cause of action, the proposed third-party complaint asserts that, if Turquoise has been damaged by the purchasers' failure to close, its losses are the responsibility of the purchasers and not the plaintiff. (Doc. 386, Exhibit D).

The plaintiff argues that its motion is superfluous because Rule 14(a)(1) requires leave of court only "if [the plaintiff] files the third-party complaint more than 14 days after serving its original answer." The plaintiff construes this language to refer to its original answer to the amended counterclaim. (Doc. 386 at 3-4). The plaintiff's answer to the amended counterclaim was filed and served on January 26, 2011, (Doc. 378), less than 14 days before the instant motion was filed.

As noted, however, the amended counterclaim added nothing concerning Cleveland, Reservation or Molleston. As to these purchasers, for purposes of Rule 14(a)(1) it is clearly the plaintiff's answer to the original counterclaim that matters, and

---

[2] Turquoise alleges that the plaintiff failed to timely present to the issuer the letter of credit concerning Kramer, resulting in the issuer's position that the letter of credit expired. (*Id.*).

that answer was filed in June 2010. (Doc. 55). Rule 14 plainly requires the Court's leave in order to file a third-party complaint against these purchasers.

Rule 16(b) mandates that the scheduling order "must limit the time to join other parties [and] amend the pleadings." A third-party complaint is a pleading, Fed. R. Civ. P. 7(a)(5), and it seeks to join other parties. Efforts to file third-party complaints thus must comply with the time limits prescribed by the Rule 16(b) scheduling order. At the parties' request, (Doc. 303 at 8), the Rule 16(b) scheduling order established a December 15 deadline to move for leave to amend the pleadings or join other parties. (Doc. 340 at 3). The plaintiff's motion for leave to file a third-party complaint, however, was not filed until February 4, 2011.

"A schedule [entered under Rule 16(b)] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule could not be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotes omitted). The plaintiff does not acknowledge or attempt to meet this standard, and it clearly has not been met. *Cf. Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause [under Rule 4(m)] exists only when some outside factor ... rather than inadvertence or negligence prevented service.").

With respect to Kramer, the situation is somewhat different. The plaintiff could not have filed a third-party complaint against Kramer before Kramer was made the subject of Turquoise's amended counterclaim. The plaintiff concedes there is an inconclusive "split" as to whether Rule 14(a)(1) requires leave of Court under such circumstances, (Doc. 386 at 3), but the Court need not attempt to resolve it. Whether or not Rule 14 requires leave of Court to file a third-party complaint against Kramer, Rule 16 (b) and the scheduling order entered thereunder plainly do so.

As noted, such approval depends on a showing of good cause as described above. Turquoise received permission to file its amended counterclaim on January 3, 2011 and

[3]

filed it two days later.  Because the plaintiff could not file a third-party complaint against Kramer before Turquoise's amended counterclaim was allowed and filed, the plaintiff has good cause for its failure to file the instant motion before January 5.  The plaintiff, however, did not file the instant motion until February 4, some 30 days after the amended counterclaim was filed and a full 51 days after the plaintiff was made aware of the proposed counterclaim by its filing as an attachment to Turquoise's motion for leave to file.  The plaintiff has not sought to show good cause for this delay.

Even had the plaintiff timely moved for leave to file a third-party complaint, its proposed filing is not in reality a third-party complaint.  A party may file a third-party complaint against a non-party "who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  The third-party defendant must be allegedly liable to the third-party plaintiff, but the proposed third-party complaint does not allege that the purchasers are liable to the plaintiff for anything.  It does not allege that the purchasers owe or have breached any duty to the plaintiff, it does not articulate any claim against the purchasers, and it does not request relief from them contingent on the plaintiff's liability to Turquoise.  It simply seeks a judgment that any claims by Turquoise regarding the purchasers and their letters of credit "are the responsibility of [the purchasers] and not" the plaintiff.  (Doc. 386, Exhibit D at 4).

The plaintiff acknowledges that "[t]he court's discretion [to allow a third-party complaint] may only be exercised when the claim is within the scope of impleader established by Rule 14(a)."  (Doc. 386 at 5 (internal quotes omitted)).  It also acknowledges that a third-party complaint is improper if the plaintiff "cannot show a basis for the third-party defendant's liability to" the plaintiff.  (*Id*. (internal quotes omitted)).  To whatever extent it might have discretion to allow the third-party complaint despite its facial impropriety, the Court declines to exercise it in favor of allowing the filing.

On December 15, 2010, the plaintiff filed a motion to join parties, including Cleveland, Reservation, Molleston and Kramer.  (Doc. 344).  The Court denied the

motion because the plaintiff identified no rule, principle, analysis or authority in support of its motion. (Doc. 368). The plaintiff asks the Court to reconsider that ruling. (Doc. 386 at 9). In support, the plaintiff explains that its motion to join parties was grounded on Rule 19 and that, in the absence of these purchasers, the Court cannot accord complete relief among the existing parties and the plaintiff is subject to inconsistent obligations due to the purchasers' interests. (*Id*. at 9-10). Because the motion to join parties was timely filed, its successful reconsideration would allow the purchasers to be joined as parties to Counts Eight and Nine of Turquoise's counterclaim.

The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Nor may it be used to "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc*., 555 F.3d 949, 957 (11th Cir. 2009) (internal quotes omitted). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted).[3] As this Court has noted, "[m]otions to reconsider serve a valuable but limited function. They do not exist to permit losing

---

[3]While *Mays* and *Wilchombe* involved post-judgment motions under Rule 59(e), courts within this Circuit have often applied these principles to pre-judgment motions to reconsider. *E.g., Busby v. JRHBW Realty, Inc*., 2009 WL 1181902 at *2 (N.D. Ala. 2009); *Controlled Semiconductor, Inc. v. Control Systemation, Inc*., 2008 WL 4459085 at *2 (M.D. Fla. 2008); *Eslava v. Gulf Telephone Co.*, 2007 WL 1958863 at *1 (S.D. Ala. 2007); *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). This is only sensible, since allowing parties to withhold arguments and evidence until after losing is equally destructive of judicial economy and fairness in either context. *E.g., Gibson*, 511 F. Supp. 2d at 1185 (even pre-judgment, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly").

parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation." *Dyas v. City of Fairhope*, 2009 WL 5062367 at *3 (S.D. Ala. 2009).

As noted, the plaintiff's motion to join parties did not mention Rule 19 or any other rule. Neither did it assert that failing to join the purchasers would expose the plaintiff to inconsistent obligations for purposes of Rule 19(a)(1)(B)(ii). That previously available argument cannot be raised on motion to reconsider.

The plaintiff's motion to join parties did not clearly assert that "the court cannot accord complete relief among existing parties" for purposes of Rule 19(a)(1)(A). Instead, it asserted that, absent the purchasers, the plaintiff and Turquoise "are unable to completely resolve the disputes raised in Turquoise's Counterclaim as to the disputed earnest money deposits and related contractual or statutory requirements." (Doc. 344 at 4). There is serious doubt whether this unamplified language fairly raised a Rule 19(a)(1)(A) argument, but the Court assumes for present purposes that it did so. The argument may thus be addressed on motion to reconsider.

The plaintiff does not clearly explain why it is that the Court cannot accord complete relief between Turquoise and the plaintiff as to Counts Eight and Nine of Turquoise's amended counterclaim unless the purchasers are joined. The idea appears to be that Turquoise has not been damaged by the plaintiff's alleged loss or other mishandling of the letters of credit unless Turquoise is entitled to the proceeds of the letters of credit and that Turquoise is not entitled to those proceeds under its contracts with the purchasers unless the purchasers are in default for failure to close and Turquoise is not in offsetting breach of some contractual or statutory obligation. This means, says the plaintiff, that the breaches vel non of Turquoise and the purchasers must be decided in order to resolve Counts Eight and Nine.

The plaintiff's argument is fine as far as it goes, but it does not show that the presence of the purchasers is required in order to determine whether they or Turquoise is

in breach.  The plaintiff can advance any argument the purchasers could make as to why they are not in default and Turquoise is.  Given that dozens of other purchasers have filed arbitrations raising such issues in connection with this project, the plaintiff cannot be at a loss as to what arguments to raise.

Nor is there a chance of the cart running ahead of the horse.  As the plaintiff acknowledges, none of these four purchasers have filed arbitrations against Turquoise.  (Doc. 386 at 7, 8, 10).  The reason is apparent.  The contracts limit Turquoise's recovery from the purchasers to the proceeds of the letters of credit; if, as Turquoise alleges, the letters of credit were mishandled so as to preclude Turquoise from recovering those proceeds, Turquoise has no recourse against the purchasers.  (Doc. 394 at 6).  Since the purchasers have no exposure even if they are in default, neither they nor Turquoise have any incentive to arbitrate the issue.  For the same reason, it would be pointless to add the purchasers to this action.  The purchasers simply do not care whether they are found to be in default, because Turquoise has no recourse against them.

Because the plaintiff and Turquoise can litigate herein whether Turquoise or the purchasers are in default, and because – given their financial disinterest – joining the purchasers would not help resolve that issue, the Court can accord complete relief among the existing parties without joining the purchasers.  The plaintiff has failed to show that joinder is appropriate under Rule 19.

For the reasons set forth above, the plaintiff's motion for leave to file a third-party complaint, and its embedded motion to reconsider, are **denied**.

DONE and ORDERED this 5th day of April, 2011.

> s/ WILLIAM H. STEELE
> CHIEF UNITED STATES DISTRICT JUDGE